**L**AKE **C**OUNTY **B**AR **A**SSOCIATION *v.* **R**YAN.

[Cite as *Lake Cty. Bar Assn. v. Ryan,* **123 Ohio St.3d 178, 2009-Ohio-4232.**]

*Attorney misconduct — Failure to diligently pursue client's claim — Failure to notify client of lack of professional-malpractice insurance — Two-year partially stayed suspension.*

(No. 2009–0393 — Submitted April 8, 2009 — Decided August 27, 2009.)

O**N** C**ERTIFIED** R**EPORT** by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-039.

_____

**Per Curiam**.

{¶ 1} Respondent, Patrick T. Ryan of Mentor, Ohio, Attorney Registration No. 0022478, was admitted to the practice of law in Ohio in 1978. His license to practice has been suspended since May 31, 2006, when we suspended his license for two years, staying the second year on conditions, for ethical lapses including his neglect of entrusted legal matters and failure to keep his clients informed regarding pending legal matters. *Lake Cty. Bar Assn. v. Ryan*, 109 Ohio St.3d 301, 2006-Ohio-2422, 847 N.E.2d 430. Respondent did not fulfill the conditions for staying the second year of the suspension and has not applied for reinstatement. Respondent also remains barred from practicing law due to his December 3, 2007 suspension for failing to comply with attorney-registration requirements. *In re Attorney Registration Suspension of Ryan,* 116 Ohio St.3d 1420, 2007-Ohio-6463, 877 N.E.2d 305.

{¶ 2} The Board of Commissioners on Grievances and Discipline now recommends that we order another two-year suspension of respondent's license, and stay the last six months of that suspension on the condition that he pay restitution to another aggrieved client. The recommendation is based on the

board's findings that respondent failed, before his 2006 suspension, to diligently pursue that client's personal-injury claim and also failed to advise her as required that he did not carry professional-malpractice insurance. We accept the board's findings that respondent engaged in this professional misconduct and its recommendation for a two-year partially stayed suspension.

{¶ 3} Relator, Lake County Bar Association, charged respondent with a single count of misconduct, alleging numerous violations of the Disciplinary Rules of the former Code of Professional Responsibility. A panel of the board heard the case, made findings of fact and conclusions of law, and recommended the two-year suspension with six months stayed. The board adopted the panel's findings of misconduct and recommendation.

{¶ 4} The parties have not objected to the board's report

**Misconduct**

{¶ 5} Respondent filed suit in March 2000 on behalf of a family friend after she had suffered injuries in a March 1998 automobile accident. He voluntarily dismissed the action in August 2001 to allow time for the client to complete her medical treatment. Respondent represented his client in accordance with ethical standards prior to this dismissal.

{¶ 6} Respondent's problems developed after he refiled the personal-injury action in September 2002. Respondent advised his client that he needed expert medical reports to respond to discovery demands from the defense, but he did not obtain the reports in time to comply with the discovery deadlines. The defense moved to compel discovery and for sanctions, and in early November 2004, the court ordered respondent to provide the outstanding discovery within five days. Respondent did not comply and decided not to appear at the final pretrial hearing because he still lacked the expert medical reports.

{¶ 7} The court dismissed the personal-injury action in early December 2004. After the dismissal, the client provided respondent with the medical

reports, and respondent filed a motion for reconsideration and to reinstate in an attempt to save the claim. The court denied his motion in January 2005.

{¶ 8} Respondent continued to meet with his client throughout 2005 and 2006 and, according to him, discussed alternative recovery strategies, including filing a claim alleging bad faith against the defendant's insurance carrier. His client, however, testified that she did not realize that her case had been dismissed until late May or early June 2006. At that time, respondent advised her that his law license had been suspended and urged her to consult another attorney. When she did so, she learned of the dismissal when that attorney checked the court's docket.

{¶ 9} Respondent badly mismanaged his client's case. He also never advised his client that he carried no malpractice insurance. The parties thus stipulated that respondent violated DR 1-104(A) (requiring a lawyer to disclose that the lawyer lacks professional-liability insurance), 1-102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects upon the lawyer's fitness to practice law), 6-101(A)(2) (prohibiting a lawyer from representing a client without preparation adequate in the circumstances), 6-101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7-101(A)(1) (prohibiting a lawyer from intentionally failing to seek the lawful objectives of a client), 7-101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of professional employment), and 7-101(A)(3) (prohibiting a lawyer from intentionally causing a client prejudice or damage during a professional relationship). The board found this misconduct, and so do we.

### Sanction

{¶ 10} In recommending a sanction for this misconduct, the board weighed the aggravating and mitigating factors of respondent's case. Weighing

against respondent is his significant prior record of discipline and the fact that his prior misconduct and this case represent a continuing pattern of failing to communicate with clients and neglecting entrusted legal matters. Also weighing against respondent is the harm he caused his client – she lost the opportunity to recover damages for her injuries and medical expenses, an amount estimated by a successor attorney to be between $75,000 and $150,000.

{¶ 11} In mitigation, the board found that respondent did not act out of dishonesty or selfish motives. The board further found that respondent had attempted to rectify the consequences of his misconduct by offering his client $25,000 — the amount that the defense had offered to settle her personal-injury case — in settlement of her malpractice claim against him. Respondent also cooperated completely in the disciplinary proceedings.

{¶ 12} The board then considered the sanctions that had been imposed in similar cases:

{¶ 13} "[W]e direct our attention to *Cleveland Bar Assn. v. Norton,* 116 Ohio St.3d 226, 2007-Ohio-6038, [877 N.E.2d 964]. In that case, the Respondent, Eric E. Norton, neglected two (2) client cases, failed to advise the clients that he lacked malpractice insurance and failed to cooperate in efforts to investigate his alleged misconduct. [Norton] was suspended from the practice of law for six (6) months, with the entire period stayed on conditions.

{¶ 14} "In *Toledo Bar Assn. v. Hales,* 120 Ohio St.3d 340, 2008-Ohio-[6201], [899 N.E.2d 130], [Hales] mishandled and lost a medical malpractice/nursing home negligence case, failed to notify his insurance carrier of the client's subsequent legal malpractice ease against him, which led to a denial of coverage, and declared Bankruptcy thus preventing the client from collecting on a legal malpractice judgment. [Hales] was found in violation of DR 1-102(A)(6) (prohibiting a lawyer from engaging in conduct which adversely reflects on the lawyer's fitness to practice law), DR 6-101(A)(1) (prohibiting a lawyer from

handling a legal matter that the lawyer knows or should know he is not competent to handle and without associating with a lawyer who is competent), DR 6-101(A)(2) (prohibiting a lawyer from handling a legal matter without preparation adequate under the circumstances), DR 6-101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), and DR 7-101(A)(3) (prohibiting a lawyer from intentionally causing a client prejudice or damage during a professional relationship). The Supreme Court suspended the Respondent [from] the practice of law for two (2) years and ordered a stay of the last eighteen (18) months on conditions."

{¶ 15} In this case, having found the cited misconduct, weighed the aggravating and mitigating factors, and considered sanctions imposed in similar cases, the board recommended a two-year suspension from practice with the last six months stayed on the condition that respondent "submit to a mediation conducted by the Lake County Bar Association to determine the appropriate restitution for the client." We accept the recommendation.

{¶ 16} Respondent is therefore suspended from the practice of law in Ohio for two years; however, the last six months of the suspension are stayed on the condition that he pay restitution in the amount determined through relator's mediation process. If respondent fails to comply with the condition of the stay, the stay will be lifted, and respondent will serve the entire two-year suspension. Costs are taxed to respondent. Respondent shall also pay the cost of mediation.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, and LANZINGER, JJ., concur.
MOYER, C.J., and O'CONNOR and CUPP, JJ., dissent.

_____

**MOYER, C.J., dissenting.**

{¶ 17} I respectfully dissent from the majority's decision with respect to the sanction imposed on respondent. I would impose, instead, an indefinite

suspension from the practice of law—the sanction to which the parties previously stipulated, before respondent withdrew his stipulation at the disciplinary hearing.

{¶ 18} Respondent represented the plaintiff in a personal-injury action that was eventually dismissed by the court before trial, largely as a result of respondent's actions. He missed two discovery deadlines for providing medical reports to the defendant and intentionally failed to appear at the final pretrial hearing. At no time did respondent request a deadline extension. After the case was dismissed, respondent continued to meet with the client but failed to inform her of the dismissal. He also failed to notify the client as required that he did not carry malpractice insurance.

{¶ 19} In addition to the eight Disciplinary Rule violations respondent committed during the underlying case, he has three prior license suspensions, including one for neglect of entrusted legal matters and failure to keep clients informed, and two for not complying with attorney-registration requirements. Based on respondent's utter failure to properly represent his client and his history of ethical violations, I would suspend him from the practice of law indefinitely, allowing us to determine whether respondent should be readmitted upon a petition for reinstatement pursuant to Gov.Bar R. V(10)(E)(4). See *Cincinnati Bar Assn. v. Sullivan* (1992), 65 Ohio St.3d 293, 603 N.E.2d 983 (indefinitely suspending attorney for missing court deadlines and hearings, repeatedly failing to comply fully with court orders, and showing disrespect for the court, along with a prior public reprimand for ethical violations).

O'CONNOR and CUPP, JJ., concur in the foregoing opinion.

_____

James P. Koerner, for relator.

Patrick D. Quinn, for respondent.

_____